# Exhibit B

# CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release, ("**Settlement Agreement**" or "**Agreement**") is entered into by, between, and among the following Parties (collectively, the "**Parties**," and individually, a "**Party**"):

- Plaintiff HomeVestors of America, Inc. ("**HomeVestors**");
- Or (Chris) Kirshenboim ("**Kirshenboim**");and
- WeBuysUglyHouses.com.
- Collectively, Kirshenboim and WeBuysUglyHouses.com will be referred to herein as "Kirshenboim."

## ACKNOWLEDGMENT OF REPRESENTATION AND STATEMENT OF INTENT

The Parties expressly represent and warrant that they have participated in the negotiation and preparation of this Settlement Agreement, and that they are executing this Settlement Agreement voluntarily, with the opportunity to seek advice from counsel, and without any duress or coercion. The Parties fully understand that if any facts concerning the claims giving rise to this Settlement Agreement should be found to be other than or different from the facts now believed to be true, that it is agreed that this Settlement Agreement shall be and will remain in full force and effect notwithstanding such difference in facts.

The Parties agree and understand that the terms of this Settlement Agreement are contractual and are not merely recitals and that the parties hereto intend to be and are hereby bound by its terms.

This Settlement Agreement may not be modified, amended, or terminated except by written agreement signed by the Parties. The Parties acknowledge that they are not executing this Settlement Agreement on the basis of any inducements, promises, statements, representations, or warranties other than those embodied in this Agreement.

## RECITALS

WHEREAS, Kirshenboim allegedly created, owned and operated the website WeBuysUglyHouses.com;

WHEREAS, Kirshenboim's website domain name allegedly infringed upon HomeVestors' domain WeBuyUglyHouses.com;

WHEREAS, it is alleged that Kirshenboim's website prominently displayed HomeVestors' federally registered WE BUY UGLY HOUSES and UG, the Caveman trademarks shown in

Schedule A attached hereto (collectively, "HOMEVESTORS MARKS") or marks that were confusing similar;




WHEREAS, it is alleged that Kirshenboim was not and is not a HomeVestors' franchisee, and that he was never granted, sold, or otherwise provided a license or authorization to use any HomeVestors' trademarks;

WHEREAS, Kirshenboim allegedly owns and operates real estate enterprises that directly compete with HomeVestors;

WHEREAS, it is alleged that Kirshenboim's use of HomeVestors' trademarks was infringing and resulted in Kirshenboim securing real estate leads that otherwise would have gone to HomeVestors;

WHEREAS, it is alleged that, after Kirshenboim received a cease and desist letter from HomeVestors on March 15, 2021, he removed/deleted/took down the infringing website and infringing material;

WHEREAS, it is alleged that Kirshenboim's alleged trademark infringement entitled HomeVestors to bring a civil action against Kirshenboim under the Lanham Act;

WHEREAS, the Parties desire to avoid the expense, distraction, and uncertainty of further litigation and wish to amicably resolve their dispute; and

NOW, THEREFORE, for and in consideration of the mutual promises, covenants, conditions, stipulations, benefits, and payments contained herein and provided for hereunder, the receipt and adequacy of which are expressly hereby acknowledged, the Parties agree as follows:

## SETTLEMENT TERMS

1. Recitals. The Recitals set forth above are true and correct, and the Parties agree they are incorporated into the settlement terms by reference.

2. Effective Date. This Settlement Agreement is deemed effective as of the date that the last signatory to the Agreement signs it.

3. Settlement Proceeds. Subject to, and in consideration for all of the terms of this Agreement, Kirshenboim shall pay HomeVestors the total sum of Seven Thousand Dollars ($7,000.00) (hereinafter "**Settlement Proceeds**") in full settlement of all claims, including attorneys' fees, costs, and expenses.

a. The Settlement Proceeds shall be paid to HomeVestors of America, Inc., Tax ID number 75-2644363 within seven (7) days following full execution of this Settlement Agreement by the Parties. The check shall be sent by either certified mail or overnight delivery with a tracking receipt to:

Anthony Lowenberg
Corporate Counsel
HomeVestors of America, Inc.
6500 Greenville Avenue, Suite 400
Dallas, Texas 75206

Or, the Settlement Proceeds may be electronically transferred within seven (7) days according to instructions below:

ACH/Wiring instructions for HomeVestors of America, Inc.:

| | |
|---|---|
| Bank Name: | Texas Capital Bank, Dallas, TX<br>Bank Address<br>2000 McKinney Avenue, Suite 700<br>Dallas, TX 75201 |
| ABA #: | 111017979 |
| Account #: | 1111000467 |
| Account Name: | HomeVestors of America, Inc. |
| HVA Address: | 6500 Greenville Ave.<br>Suite 400<br>Dallas, TX 75206 |

b. In exchange for Kirshenboim's payment of the Settlement Proceeds and the terms set forth in herein, HomeVestors will forego any existing rights or claims that it may have against Kirshenboim's infringement on the WeBuysUglyHouses.com website as of the Effective Date.

4. Domain Name Transfer. Within ten (10) days of the Effective Date, Kirshenboim will take and complete the necessary steps to transfer ownership of the WeBuysUglyHouses.com domain to HomeVestors.

5. Cessation of Use of the Infringing Marks. Kirshenboim, individually and on behalf of his heirs, successors, affiliated companies, subsidiaries, officers, directors, agents, employees, assigns, and all persons or entities under his control, shall permanently cease any use of the HOMEVESTORS MARKS (or confusingly similar marks) as depicted on Schedule A, attached hereto, in connection with the sale or advertising of any real estate services.

a. Improper and prohibited use of the HOMEVESTORS MARKS, or any derivation thereof, would include but is not limited to direct mail, vehicle placards, signage, billboards, company name, assumed name, domain name, domain name components, URL extensions, website copy, header tags, title tags, meta tags, social media tags, hash tags, company name, assumed name, and keyword bidding terms such as "exact match," "broad match," "phrase match," or any other search terms.

6. Abandonment of Rights. Kirshenboim hereby declares his voluntary, intentional, and irrevocable abandonment of any and all rights in and to any of the HOMEVESTORS MARKS depicted in Schedule A.

7. Audit and Removal of the Infringing Marks from the Internet and Marketplace. Within thirty (30) days from the Effective Date, Kirshenboim shall have audited all business entities and websites under his control, then take all necessary steps to remove from public view and access all websites, website pages, blogs, signs, displays, promotional materials, and all other types of marketing or advertising media that use, feature or bear marks or logos infringing upon any HOMEVESTORS MARKS.

8. No Admission of Liability. Neither Party admits any liability or wrongdoing, and this Agreement shall not be interpreted or construed to be an admission of liability or wrongdoing by any Party.

## RELEASES

9. HomeVestors' Releases. In consideration for entering into the Settlement Agreement, HomeVestors hereby releases Kirshenboim and his heirs, successors, affiliated companies, subsidiaries, partners, joint venturers, agents, employees, assigns, and his affiliated companies' officers, directors, partners, joint venturers, members, managers, agents, employees, and assigns (collectively "**Kirshenboim's Release Parties**") from any and all rights, claims, defenses, expenses, debts, liabilities, demands, obligations, costs, fees, damages, and causes of action, both known and unknown, that HomeVestors could have asserted against Kirshenboim and

Kirshenboim's Release Parties. This release does not cover future infringement activities by Kirshenboim and Kirshenboim's Release Parties after the Effective Date.

10. Kirshenboim's Release. In consideration for entering into the Settlement Agreement, Kirshenboim and Kirshenboim's Release Parties hereby release HomeVestors and its current and former successors, predecessors, parent companies, affiliates, subsidiaries, assigns, officers, partners, directors, members, employees, agents, attorneys, and representatives (collectively "**HomeVestors' Release Parties**") from any and all rights, claims, defenses, expenses, debts, liabilities, demands, obligations, costs, fees, damages, and causes of action, both known and unknown, that Kirshenboim could have asserted against HomeVestors and HomeVestors' Release Parties.

## CONFIDENTIALITY OF SETTLEMENT AGREEMENT

11. The Parties expressly agree that the terms and conditions of this Settlement Agreement, and all matters relating to allegations made in the Lawsuit not otherwise contained in any public records, shall be kept strictly confidential and shall not be revealed or divulged to any third persons or entities except as necessary for tax purposes, legal advice, and/or necessary and legitimate purposes, after proper notice, or pursuant to a court order. Subject to these exceptions, the Parties further agree and acknowledge that this Settlement Agreement may not be disseminated to any third party without the prior written consent of the parties to the Settlement Agreement. Any disclosure of this Settlement Agreement shall be made within 30 days of proper notice.

12. The Parties agree that failure to comply with this Confidentiality provision is a material breach of the Agreement.

## BREACH OF THE SETTLEMENT AGREEMENT

13. In the event that Kirshenboim and/or Kirshenboim's Release Parties breach the Settlement Agreement, they individually and collectively agree that

a. The breaching party(ies) shall pay HomeVestors' attorneys' fees and expenses to enforce the Settlement Agreement;

b. The breaching party(ies) consents to immediate injunctive relief of all forms without HomeVestors needing to post bond;

c. The Parties agree written notice of breach will be sent to Kirshenboim by

| Certified Mail: | and | Email: |
|---|---|---|
| 547 Odin Drive | | info@chrisbuyshomesstl.com |
| Pleasant Hill, California 94523. | | |

d. The Parties agree HomeVestors may file suit against Kirshenboim and/or the Kirshenboim Release Parties seven (7) days after sending Kirshenboim notice at the California

address and email shown above and with or without Kirshenboim responding to the written notice and with or without Kirshenboim curing the breach; and

e. The Parties acknowledge that the amount of loss or damages due to breach of the Settlement Agreement likely to be incurred by HomeVestors is incapable of or is difficult to precisely estimate, therefore, they agree that a reasonable amount of liquidated damages due to breach is Twenty Thousand Dollars ($20,000.00).

## ASSIGNMENT AND ATTORNEYS' FEES

14. Each of the Parties and representatives hereto, in the representative capacities described herein, to the extent applicable, hereby represent that they have not assigned or transferred any of the claims or causes of action being released by them herein and further represent that they are authorized to enter into this Agreement in the capacities stated and described herein.

15. The Parties hereby agree that all attorneys' fees, expenses, and court costs incurred herein will be borne by the Party incurring same.

## COMPREHENSION AND FINALITY OF THE AGREEMENT

16. Read and Understood. Each Party to this Agreement represents and warrants that such Party has completely read and understood this Agreement and has been advised by legal counsel, or had the opportunity for such legal advice, and that such Party voluntarily accepts this Agreement for the purposes of making this settlement, resolution, and the releases described herein.

17. Entire Agreement. This Settlement Agreement contains the entire agreement between and among the Parties, and may not be annulled, voided, or modified orally, but only by a signed writing executed by each Party. It is understood and agreed that this Agreement supersedes any and all prior agreements, arrangements, or understandings between them relating to the subject matter hereof and that no oral understandings, statements, promises or inducements contrary to the terms set forth herein exist. The Parties hereto understand, acknowledge and agree that if any fact now believed to be true is found hereafter to be other than or different from that which is now believed, they expressly assume the risk of such difference in fact and agree that this Agreement shall and will remain effective notwithstanding any such difference in fact.

## DELIVERY, EXECUTION, CONSTRUCTION AND ENFORCEMENT

18. Governing Law. This Settlement Agreement shall be governed by, construed, and enforced in accordance with the laws of the State of Texas, and the Parties agree venue shall be in any state district or federal district court in Dallas County, Texas.

19. Counterparts. This Agreement may be executed by the Parties in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute one and the same instrument. A facsimile signature shall constitute an original signature. Each counterpart may consist of a number of copies each signed by less than all, but together signed by all of the Parties.

20. Severability. If any provision of this Agreement is rendered or determined to be unenforceable, for any reason, the remaining provisions shall nevertheless be in full force and effect provided that the essential purposes of this Agreement are not vitiated thereby.

21. Intent of Parties. The Parties hereto agree that if any ambiguity shall be determined to be present in this Agreement, it shall not be construed against the Party drafting this Agreement, but shall be construed to effectuate the intent of the parties as expressed in this Agreement.

HOMEVESTORS OF AMERICA, INC.

By: DocuSigned by: Bonnie DePasse ACC0A28412D7478... Date: 4/21/2021

Printed Name: Bonnie DePasse

Title: Vice President, General Counsel

OR (CHRIS) KIRSHENBOIM

DocuSigned by:
5171C3A9F9E1452...

Signature ______________________ 4/21/2021 Date

WEBUYSUGLYHOUSES.COM

By: DocuSigned by: 5171C3A9F9E1452... Date: 4/21/2021

Printed Name: Or (Chris) Kirshenboim

Title: Domain Owner