**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **HOMEVESTORS OF AMERICA, INC,** *Plaintiff,* | § § § | |
| **v.** | § § | **CIVIL CASE No. 3:26-cv-594** |
| **OR CHRIS KIRSHENBOIM; CHRIS BUYS HOMES IN KANSAS CITY; KI PROPERTIES SOLUTIONS, LLC; ZRE, INC,** *Defendants.* | § § § § § | |

---

**DEFENDANTS' ORIGINAL ANSWER**

---

Defendants OR CHRIS KIRSHENBOIM; CHRIS BUYS HOMES IN KANSAS CITY; KI PROPERTIES SOLUTIONS, LLC; ZRE, INC ("Defendants") for themselves and no other persons or entities, hereby answer the COMPLAINT of Plaintiff HOMEVESTORS OF AMERICA, INC.BLUE BAY VENTURES, LLC ("Plaintiff"), in this action by admitting, denying and alleging as follows:

## I. ANSWER TO ALLEGATIONS RE PARTIES

1. Answering paragraph 1 of the COMPLAINT, Defendants respond that they presently lack sufficient information or knowledge about these allegations, and on that basis, deny the allegations set forth in paragraph 1.

2. Answering paragraph 2 of the COMPLAINT, Defendants deny that Defendant Kirshenboim resides in California. Defendants further allege that Defendant Kirshenboim resides in Tel Aviv, Israel.

3. Answering paragraph 3 of the COMPLAINT, Defendants deny that Chris Buys Homes In Kansas City is a business entity with separate legal existence and further allege that Chris Buys Homes In Kansas City is a trademark used by ZMO Homes LLC.

4. Answering paragraph 4 of the COMPLAINT, Defendants admit the allegations contained therein.

5. Answering paragraph 5 of the COMPLAINT, Defendants admit the allegations contained therein.

## II. JURISDICTION AND VENUE

6. Answering paragraph 6 of the COMPLAINT, Defendants admit the allegations contained therein.

7. Answering paragraph 7 of Plaintiff's COMPLAINT, Defendants admit venue is proper in this federal court.

## III. FACTUAL BACKGROUND

8. Answering paragraph 8 of Plaintiff's COMPLAINT, Defendants respond that they presently lack sufficient information or knowledge about these allegations, and on that basis, deny the allegations set forth in paragraph 8.

9. Answering paragraph 9 of Plaintiff's COMPLAINT, Defendants respond that they presently lack sufficient information or knowledge about these allegations, and on that basis, deny the allegations set forth in paragraph 9.

10. Answering paragraph 10 of Plaintiff's COMPLAINT, Defendants respond that they lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 and therefore deny the same.

11. Answering paragraph 11 of Plaintiff's COMPLAINT, Defendants respond that they lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 and therefore deny the same.

12. Answering paragraph 12 of Plaintiff's COMPLAINT, Defendants respond that they lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 and therefore deny the same.

13. Answering paragraph 13 of Plaintiff's COMPLAINT, Defendants respond that they lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 and therefore deny the same.

14. Answering paragraph 14 of Plaintiff's COMPLAINT, Defendants respond that they lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 and therefore deny the same.

15. Answering paragraph 15 of Plaintiff's COMPLAINT, Defendants respond that they lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 and therefore deny the same.

16. Answering paragraph 16 of Plaintiff's COMPLAINT, Defendants respond that they lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 and therefore deny the same.

17. Answering paragraph 17 of Plaintiff's COMPLAINT, Defendants respond that they lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 and therefore deny the same.

18. Answering paragraph 18 of Plaintiff's COMPLAINT, Defendants respond that they lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 and therefore deny the same.

19. Answering paragraph 19 of Plaintiff's COMPLAINT, Defendants admit that they are not licensed HomeVestors franchisees, nor do they have any current affiliation with HomeVestors. Defendants deny the remaining allegations set forth therein.

20. Answering paragraph 20 of Plaintiff's COMPLAINT, Defendants admit that the allegations set forth therein.

21. Answering paragraph 21 of Plaintiff's COMPLAINT, Defendants respond that they deny the allegations set forth therein.

22. Answering paragraph 22 of Plaintiff's COMPLAINT, Defendants respond that they deny the allegations set forth therein.

23. Answering paragraph 23 of Plaintiff's COMPLAINT, Defendants respond that they deny the allegations set forth therein.

24. Answering paragraph 24 of Plaintiff's COMPLAINT, Defendants respond that they deny the allegations set forth therein.

25. Answering paragraph 26 of Plaintiff's COMPLAINT, Defendants respond that they deny the allegations set forth therein.

26. Answering paragraph 26 of Plaintiff's COMPLAINT, Defendants respond that they deny the allegations set forth therein.

27. Answering paragraph 27 of Plaintiff's COMPLAINT, Defendants respond that they deny the allegations set forth therein

28. Answering paragraph 28 of Plaintiff's COMPLAINT, Defendants respond that they deny the allegations set forth therein

29. Answering paragraph 29 of Plaintiff's COMPLAINT, Defendants respond that they admit Defendant OR CHRIS KIRSHENBOIM received a cease-and-desist letter from Plaintiff that included a second settlement offer. As for the remaining facts that could be construed as allegations in said paragraph, Defendants deny the allegations therein.

30. Answering paragraph 30 of Plaintiff's COMPLAINT, Defendants respond that they admit Defendant OR CHRIS KIRSHENBOIM signed a settlement agreement to resolve Plaintiff's prior allegations of trademark infringement and further allege that its provisions speak for itself. Defendants further allege that paragraph 8 of said settlement agreement provides that "neither Party admits any liability or wrongdoing, and this Agreement shall not be interpreted or construed to be an admission of liability or wrongdoing by any Party." Defendants deny the remaining allegations set forth therein.

31. Answering paragraph 31 of Plaintiff's COMPLAINT, Defendants respond that they deny the allegations set forth therein.

32. Answering paragraph 32 of Plaintiff's COMPLAINT, Defendants respond that they admit receiving a second cease and desist letter from Plaintiff that included a

settlement offer. As for the remaining facts that could be construed as allegations in said paragraph, Plaintiffs deny the allegations therein.

33. Answering paragraph 33 of Plaintiff's COMPLAINT, Defendants admit that Defendants CHRIS BUYS HOMES IN KANSAS CITY, KI PROPERTY SOLUTIONS LLC, and ZRE INC. signed a settlement agreement to resolve Plaintiff's prior allegations of trademark infringement and further allege that its provisions speak for itself. Defendants deny the remaining allegations set forth therein.

34. Answering paragraph 34 of Plaintiff's COMPLAINT, Defendants respond that they deny the allegations set forth therein.

35. Answering paragraph 35 of Plaintiff's COMPLAINT, Defendants respond that they deny the allegations set forth therein.

36. Answering paragraph 36 of Plaintiff's COMPLAINT, Defendants respond that they deny the allegations set forth therein.

## IV. CLAIMS FOR RELIEF

### *A. COUNT I: Breach of Contract against Kirshenboim*

1. Answering paragraph 37 of Plaintiff's COMPLAINT, Defendants re-allege and incorporate the admissions and denials set forth in all the preceding paragraphs.

2. Answering paragraph 38 of Plaintiff's COMPLAINT, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38, and therefore deny the same.

3. Answering paragraph 39 of Plaintiff's COMPLAINT, Defendants respond that the settlement agreement signed by Defendant OR CHRIS KIRSHENBOIM speaks for itself. Defendants deny the remaining allegations set forth therein.

4. Answering paragraph 40 of Plaintiff's COMPLAINT, Defendants respond that they deny the allegations set forth therein.

5. Answering paragraph 41 of Plaintiff's COMPLAINT, Defendants respond that they deny the allegations set forth therein.

***B. COUNT II: Breach of Contract against Chris Buys Homes, KI Properties, and ZRE***

6. Answering paragraph 42 of Plaintiff's COMPLAINT, Defendants re-allege and incorporate the admissions and denials set forth in all the preceding paragraphs.

7. Answering paragraph 43 of Plaintiff's COMPLAINT, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43, and therefore deny the same.

8. Answering paragraph 44 of Plaintiff's COMPLAINT, Defendants respond that the settlement agreement signed by Defendants CHRIS BUYS HOMES IN KANSAS CITY, KI PROPERTY SOLUTIONS LLC, and ZRE INC speaks for itself. Defendants deny the remaining allegations set forth therein.

9. Answering paragraph 45 of Plaintiff's COMPLAINT, Defendants respond that they deny the allegations set forth therein.

10. Answering paragraph 46 of Plaintiff's COMPLAINT, Defendants respond that they deny the allegations set forth therein.

***C. COUNT III: Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1114***

11. Answering paragraph 47 of Plaintiff's COMPLAINT, Defendants re-allege and incorporate the admissions and denials set forth in all the preceding paragraphs.

12. Answering paragraph 48 of Plaintiff's COMPLAINT, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48 and therefore deny the same.

13. Answering paragraph 49 of Plaintiff's COMPLAINT, Defendants respond that they deny the allegations set forth therein.

14. Answering paragraph 50 of Plaintiff's COMPLAINT, Defendants respond that they deny the allegations set forth therein.

15. Answering paragraph 51 of Plaintiff's COMPLAINT, Defendants respond that they deny the allegations set forth therein.

***D. COUNT IV: False Designation of Origin and Unfair Competition Under the Lanham Act, 15 U.S.C. § 1125(c)***

16. Answering paragraph 52 of Plaintiff's COMPLAINT, Defendants re-allege and incorporate the admissions and denials set forth in all the preceding paragraphs.

17. Answering paragraph 53 of Plaintiff's COMPLAINT, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53 and therefore deny the same.

18. Answering paragraph 54 of Plaintiff's COMPLAINT, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54 and therefore deny the same.

19. Answering paragraph 55 of Plaintiff's COMPLAINT, Defendants respond that they deny the allegations set forth therein.

20. Answering paragraph 56 of Plaintiff's COMPLAINT, Defendants respond that they deny the allegations set forth therein.

21. Answering paragraph 57 of Plaintiff's COMPLAINT, Defendants respond that they deny the allegations set forth therein.

***E. COUNT V: Dilution under the Lanham Act, 15 U.S.C. § 1125***

22. Answering paragraph 58 of Plaintiff's COMPLAINT, Defendants re-allege and incorporate the admissions and denials set forth in all the preceding paragraphs.

23. Answering paragraph 59 of Plaintiff's COMPLAINT, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53 and therefore deny the same.

24. Answering paragraph 60 of Plaintiff's COMPLAINT, Defendants respond

that they deny the allegations set forth therein.

25. Answering paragraph 61 of Plaintiff's COMPLAINT, Defendants respond that they deny the allegations set forth therein.

## V. APPLICATION FOR PERMANENT INJUNCTION

26. Answering paragraph 62 of Plaintiff's COMPLAINT, Defendants re-allege and incorporate the admissions and denials set forth in all the preceding paragraphs.

27. Answering paragraph 63 of Plaintiff's COMPLAINT, Defendants respond that they deny the allegations set forth therein.

28. Answering paragraph 64 of Plaintiff's COMPLAINT, Defendants respond that they deny the allegations set forth therein and deny that Plaintiff is entitled to the relief sought therein, or to any relief whatsoever.

29. Answering paragraph 65 of Plaintiff's COMPLAINT, Defendants respond that they deny the allegations set forth therein and deny that Plaintiff is entitled to the relief sought therein, or to any relief whatsoever.

## VI. SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSES

FURTHER ANSWER AND AFFIRMATIVE DEFENSES By alleging the Separate and Additional Affirmative Defenses set forth below, Defendants do not agree or concede that they have the burden of proof or the burden of persuasion on any of these issues. By way of further Answer and as affirmative defenses, Defendants deny that they are liable to Plaintiff on any of the claims alleged and deny that Plaintiff is entitled to damages, treble or punitive damages, equitable relief, attorneys' fees, costs, pre-judgment interest or to any relief whatsoever, and state as follows:

## VII. FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

30. The Complaint, on one or more counts set forth therein, fails to state a claim upon which relief can be granted.

## VIII. SECOND AFFIRMATIVE DEFENSE

**(Fair Use)**

31. The claims made in the Complaint are barred, in whole or in part, by the doctrines of fair use, nominative fair use and/or descriptive use.

## IX. THIRD AFFIRMATIVE DEFENSE

**(First Sale Doctrine)**

32. The claims made in the Complaint are barred, in whole or in part, by the first sale doctrine.

## X. FOURTH AFFIRMATIVE DEFENSE

**(Functionality)**

33. The claims made in the Complaint are barred, in whole or in part, on the basis that any marks at issue are functional.

## XI. FIFTH AFFIRMATIVE DEFENSE

**(Innocent Infringement)**

34. The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, was innocent.

## XII. SIXTH AFFIRMATIVE DEFENSE

**(Statutes of Limitations)**

35. The claims made in the Complaint are barred, in whole or in part, by applicable statutes of limitations.

## XIII. SEVENTH AFFIRMATIVE DEFENSE

**(Laches)**

36. Plaintiff's claims are barred by laches, in that Plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of Defendants' actions.

## XIV. EIGHTH AFFIRMATIVE DEFENSE

**(Generic Terms)**

37. The claims made in the Complaint are barred, in whole or in part, on the basis that some or all marks at issue are generic.

## XV. NINTH AFFIRMATIVE DEFENSE

**(Lack of Secondary Meaning)**

38. The claims made in the Complaint are barred, in whole or in part, on the basis that some or all marks at issue lack secondary meaning.

## XVI. TENTH AFFIRMATIVE DEFENSE

**(Waiver, Acquiescence, and Estoppel)**

39. Each of the purported claims set forth in this Complaint is barred by the doctrines of waiver, acquiescence, and estoppel.

## XVII. ELEVENTH AFFIRMATIVE DEFENSE

**(Non-Infringement)**

40. Defendants have not infringed any applicable trademarks under federal or state law.

## XVIII. TWELFTH AFFIRMATIVE DEFENSE

**(No Causation)**

41. Plaintiff's claims against Defendants are barred because Plaintiff's damages, if any, were not caused by Defendants.

## XIX. THIRTEENTH AFFIRMATIVE DEFENSE

**(No Damage)**

42. Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendants in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## XX. <u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

**(Unclean Hands)**

43. Plaintiff's claims are barred by the doctrine of unclean hands.

## XXI. <u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

**(Lack of Irreparable Harm)**

44. Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Defendants' actions.

## XXII. <u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

**(Adequacy of Remedy at Law)**

45. The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## XXIII. <u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

**(Failure to Mitigate)**

46. The claims made in the Complaint are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

## XXIV. <u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>

**(Duplicative Claims)**

47. Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

## XXV. <u>NINETEENTH AFFIRMATIVE DEFENSE</u>

**(Fraud)**

48. The claims made in the Complaint are barred, in whole or in part, by fraud on the United States Patent & Trademark Office.

## XXVI. TWENTIETH AFFIRMATIVE DEFENSE

**(Abandonment)**

49. The claims made in the Complaint are barred, in whole or in part, by abandonment of any marks at issue.

## XXVII. TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Third-Party Use)**

50. The claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of any marks at issue.

## XXVIII. TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Actions of Others)**

51. The claims made in the Complaint are barred, in whole or in part, because Defendants are not liable for the acts of others over whom it has no control.

## XXIX. TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Standing)**

52. The claims made in the Complaint are barred, in whole or in part, because Plaintiff lacks standing under Article III of the United States Constitution in that Plaintiff has not suffered any concrete harm from the acts complained of in the Complaint.

## XXX. TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(Mootness)**

53. Answering Defendants allege that the claims made in the Complaint are moot because, for example, Defendants deactivated the Google ad referenced in the Complaint.

## XXXI. TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(No Actual Confusion)**

54. Answering Defendants allege no actual confusion occurred in the marketplace.

**XXXII. TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(No Personal Liability)**

55. Answering Defendant OR CHRIS KIRSHENBOIM asserts that he is not liable in the capacity in which he has been sued.

**XXXIII. TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Novation)**

56. Answering Defendants allege that the claims made in the Complaint are barred, in whole or in part, by reason of the doctrine of novation.

**XXXIV. TWENTY- EIGHTH AFFIRMATIVE DEFENSE**

**(Waiver and Release)**

57. Answering Defendants allege that the claims made in the Complaint are barred, in whole or in part, by reason of the Plaintiff's waiver and release.

**XXXV. TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

58. Answering Defendants allege that Plaintiff's request for punitive damages violate the Fifth and Fourteenth Amendments to the U.S. Constitution in that, for example, any award of punitive damages would violate Defendants' right to due process. Furthermore, said complaint, and each cause of action thereof, fails to state facts sufficient to support an award of punitive damages under California and Federal law.

**XXXVI. THIRTIETH AFFIRMATIVE DEFENSE**

**(No Attorneys' Fees)**

59. Answering Defendants allege that said Complaint, and each cause of action thereof, fails to state facts sufficient to support an award of attorneys' fees under California and Federal law.

## XXXVII. THIRTY-FIRST AFFIRMATIVE DEFENSE

**(No Injunctive Relief)**

60. Answering Defendants allege that said complaint, and each cause of action thereof, fails to state facts sufficient to support a finding for injunctive relief under California and Federal law.

61. ADDITIONAL DEFENSES Defendants reserve the right to assert additional defenses based on information learned or obtained during discovery.

## XXXVIII. PRAYER FOR RELIEF

WHEREFORE, the Defendants pray for judgment as follows:

1. That the Plaintiff take nothing by reason of the COMPLAINT on file herein;

2. That the Complaint and each claim for relief therein, be dismissed with prejudice;

That the Defendants be awarded its costs of suit herein; and

For such further and other relief as the Court deems just and proper.

## XXXIX. DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial on all claims for which a jury is permitted.

Respectfully submitted,

MOUSILLI LEGAL GROUP
11807 Westheimer Road, Ste. 550
P.O. Box 944
Houston, Texas 77077
Tel: (512) 609-0059
Fax: (281) 783-8565

By: ______________________
Maureen Farrell
State Bar No. 24076378
Email: mauree@mousillilegal.com
Service: disputes@mousillilegal.com
*Attorneys for Defendants Or Chris Kirshenboim; Chris Buys Homes in Kansas City; KI Properties Solutions, LLC; ZRE, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and paper copies will be sent to those indicated as non-registered participants on June 9, 2026

*/s/ Maureen Farrell*
Maureen Farrell